

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00138-CR[1]

ROBERT BARA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1286626D, Honorable George W. Gallagher, Presiding

July 17, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Robert Bara, was indicted for the offense of delivery of a controlled substance, methamphetamine, in the amount of one gram or more but less than four grams.[2] The indictment further alleged appellant had previously been convicted of two

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010).

felony offenses.[3]   The State subsequently abandoned one of the enhancement paragraphs, and appellant entered a plea of guilty to the primary offense and a plea of "True" to the remaining enhancement paragraph.   Thereafter, the trial court sentenced appellant to serve eight years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).   Appellant now appeals his sentence.   We will affirm.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support the trial court's judgment; therefore, we will only discuss so much of the factual background as necessary to decide the issue before the Court.

According to the record before the Court, on December 3, 2012, appellant entered a plea of guilty to the offense of delivery of a controlled substance, methamphetamine, in an amount of more than one gram but less than four grams.  At that time, the State waived the habitual offender allegation of the indictment.  Appellant pleaded "True" to the prior felony conviction of driving while intoxicated, third offense. The trial court accepted appellant's plea at that time and set the matter for sentencing at a future date.

On March 26, 2013, the trial court conducted a hearing on the issue of punishment. After hearing the evidence, the trial court made the following pronouncement of sentence: "So upon your plea of guilty, I'll find you guilty, sentence you to eight years confinement in the Texas penitentiary."   Thereafter, the trial court

---

[3] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

entered a written judgment finding appellant guilty of the offense charged and that the enhancement allegation was "True."

Appellant now contends that the oral pronouncement of sentence did not contain a finding of "True" to the enhancement paragraph of the indictment. According to appellant, this means that the trial court erred in entering a written judgment that was different from the orally pronounced sentence. We will affirm for the reasons stated below.

Analysis

When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).[4] Therefore, under the record before us, the failure of the trial court to pronounce that he found the allegations in the one enhancement paragraph "True" results in the appellant's sentence being limited to the finding of guilt on the primary offense. *See id.*

However, this does not provide any relief for appellant. This is because appellant wholly failed to object by a motion for new trial after the entry of the written judgment. It is fundamental law in Texas that to preserve an issue for appeal, a party must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling. TEX. R. APP. P. 33.1; *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Additionally, the objection must be made at the earliest possible opportunity. *See Wilson,* 71 S.W.3d at 349. Here, the record is unclear on whether appellant saw the

---

[4] For purposes of our opinion, we are assuming, without deciding, that the trial court was required to orally pronounce its finding of "True" at the time it pronounced sentence.

written judgment on the day sentence was orally pronounced. The record is clear, however, that appellant never filed a motion for new trial in any effort to bring the alleged error to the attention of the trial court.

There is an exception to the contemporaneous objection rule if the sentence is illegal. *See Mizell v. State,* 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003). This exception is not applicable to the case before the Court. Appellant's primary offense is a second degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). A second degree felony offense is punishable by confinement in the ID-TDCJ for a term of not more than 20 years or less than two years. TEX. PENAL CODE ANN. § 12.33(a) (West 2011). Appellant's sentence, eight years confinement in the ID-TDCJ, is within the applicable punishment range. It is therefore not an illegal sentence.

Accordingly, appellant has not preserved any issue for appellate review. *See Kim v. State,* 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.

Pirtle, J., concurring in result.

4